IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARTANEZE JOHNSON, JAMES HANNAH AND WALTER CHERRY,** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>**BOSMAN TRUCKING, INC., AN ILLINOIS CORPORATION AND GREG TLUSTOCHOWICZ, INDIVIDUALLY**<br><br>Defendants. | **No.** 1:19-cv-<br><br>Honorable Judge<br><br>Magistrate Judge<br><br>***JURY DEMAND*** |

## COMPLAINT

NOW COME Plaintiffs, **MARTANEZE JOHNSON, JAMES HANNAH AND WALTER CHERRY** on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for their Complaint against Defendants, **BOSMAN TRUCKING, INC., AN ILLINOIS CORPORATION AND GREG TLUSTOCHOWICZ, INDIVIDUALLY**, (each a "Defendant", collectively the "Defendants") state as follows:

**I.     NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago. Plaintiffs also assert that the IMWL and CMWO claims are subject to class treatment pursuant to Federal Rule of Civil Procedure 23.

## II.    JURISDICTION AND VENUE

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim and Chicago municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and were each a resident of this district and Defendants are or were engaged in business in this district.

## III.   THE PARTIES

3.    Defendant, **BOSMAN TRUCKING, INC.,** owns and operates a trucking company that contracts its services to an automobile assembly plant and repair service yard located at 12600 S Torrance Ave., Chicago, Illinois 60633. Defendant, **BOSMAN TRUCKING, INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.    Defendant, **GREG TLUSTOCHOWICZ,** is the owner of the corporate Defendant, **BOSMAN TRUCKING, INC.** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

5.    Plaintiff, **MARTANEZE JOHNSON** (hereinafter referred to as "Plaintiff") is a former employee who, between approximately September 2015 and February 2019, was employed as a shuttle driver and performed duties for Defendants related to transporting automobile parts

between different areas of the plant yard via trailer under the direction of Defendants' management. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff Johnson was misclassified as a 1099 independent contractor.

6. Plaintiff, **JAMES HANNAH** (hereinafter referred to as "Plaintiff") is a former employee who, between approximately July 2016 and September 2017, was employed as a shuttle driver and performed duties for Defendants related to transporting automobile parts between different areas of the plant yard via trailer under the direction of Defendants' management. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff Hannah was misclassified as a 1099 independent contractor.

7. Plaintiff, **WALTER CHERRY** (hereinafter referred to as "Plaintiff") is a current employee who has worked for Defendants since approximately September 2015 as a shuttle driver and performs duties for Defendants related to transporting automobile parts between different areas of the plant yard via trailer under the direction of Defendants' management. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week. Plaintiff Cherry was and is being misclassified as a 1099 independent contractor.

8. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As current and former employees that are performing or have performed duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by

the FLSA.

**IV. <u>STATUTORY VIOLATIONS</u>**

**Collective Action Under The Fair Labor Standards Act**

9. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by the named Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

10. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by the named Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

11. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by named Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

12. The named Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

13. Defendants employed the named Plaintiffs, within the dates of employment referenced above, on an independent contractor basis when in fact, the job duties of the named Plaintiffs qualified them as employees under the provisions of the FLSA and the pendant state statutes. The named Plaintiffs were required to work in excess of forty (40) hours in a workweek without pay for those hours over forty (40) at a rate of time and one-half their regular hourly rates pursuant to the requirements of the federal, state and municipal statutes relied upon herein.

14. The named Plaintiffs, and all similarly situated members of the Plaintiff Class, were improperly classified as 1099 independent contractors and denied time and one half their regular rates of pay for hours worked over 40 in a workweek pursuant to the requirements of the federal and state statutes herein relied upon.

15. The total number of hours worked by the named Plaintiffs, and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

16. The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

17. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class"

of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-17. Paragraphs 1 through 17 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 17 of this Count I.

18. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rates of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

19. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count II.

20. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

21. Pursuant to the Fair Labor Standards Act, the named Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count III.

22. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

23. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-23. Paragraphs 1 through 23 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count IV.

24. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

25. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages for the unpaid wages for three (3) years prior to the filing of a Complaint and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

26. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which the named Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

 (e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

 1-26. Paragraphs 1 through 26 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of this Count V.

 27. The named Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

 28. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

 29. Under § 1-24-040, for all weeks during which the named Plaintiffs and members of the Plaintiff Class worked more than forty (40) hours in the three (3) years prior to the filing of a Complaint, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

 30. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

 WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

 (a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which the named Plaintiffs and members of the Plaintiff Class worked in excess of forty (40) hours per week;

 (b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

 (c). Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  (d)  Such other and further relief as this Court deems appropriate and just.

                Respectfully submitted,

                ***Electronically Filed 3/26/2019***

                /s/ John W. Billhorn
                _____
                John William Billhorn

                BILLHORN LAW FIRM
                53 West Jackson Blvd., Suite 840
                Chicago, IL 60604
                (312) 853-1450

                Attorney for Plaintiffs and members of the
                Plaintiff Class, known and unknown